IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| DOREEN LANAE FUKUSHIMA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TRICARE/TRIWEST HEALTHCARE ALLIANCE,<br><br>　　　　Defendant. | Case No. 25-cv-00204-DKW-RT<br><br>**ORDER DENYING PLAINTIFF DOREEN FUKUSHIMA'S AMENDED MOTION TO COMPEL ARBITRATION**[1] |

On May 15, 2025, Doreen Fukushima (Fukushima), proceeding without counsel, initiated this proceeding with the filing of a motion to compel arbitration against TriCare/TriWest Healthcare Alliance (TriCare). Unlike most other civil litigants pursuing a legal action, Fukushima did not file a Complaint. A few days later, on May 19, 2025, Fukushima amended the motion to compel arbitration ("amended motion") so as to include various exhibits, including a document titled, "Individual Agreement". Dkt. No. 11. TriCare has filed an opposition to the amended motion, Dkt. No. 16, and Fukushima has filed a reply, Dkt. No. 19. With briefing complete, this Order now follows.

---

[1] Pursuant to Local Rule 7.1(c), the Court elects to decide this matter without a hearing.

Upon review of the record and applicable case law, resolution of the amended motion is straightforward. Fukushima premises her request for arbitration upon the alleged fact that she and TriCare "entered into a valid agreement that contains a binding arbitration clause." Dkt. No. 11-1 at 2. This statement is unsupported on at least two different grounds. First, the "Individual Agreement", which is attached as Exhibit A to the amended motion and is alleged to be the "valid agreement" between the parties, is unsigned. In fact, the Individual Agreement appears to be some type of form that has not been filled-in, given that a space for the "Effective Date" of the same is also blank. *See* Dkt. No. 11-3 at 2. Without an executed agreement, the record here does not establish, as Fukushima alleges, entry into a "valid agreement" between the parties.

Second, even if the Individual Agreement had been executed, it would not represent an agreement between Fukushima and TriCare. Instead, the Individual Agreement is clear that, had it been executed, the agreement was between Hawaiʻi Medical Service Association and Keizer Kauka LLC (Keizer), with TriCare a "third-party beneficiary" of the agreement. Dkt. No. 11-3 at 2, 9, 11. The agreement never mentions Fukushima, nor is there so much as a blank space for Fukushima's signature. *Id*. at 11. In her reply, Fukushima attempts to explain this away, arguing that she, rather than Keizer, renders services under the agreement and Keizer only "exists for administrative and tax purposes." Dkt. No. 19 at 2.

Whether these assertions are accurate or not, they do not change the language, or, as Fukushima puts it, the "substance", of the agreement: Fukushima is neither a party nor identified as a beneficiary of the same.[2]  Fukushima, therefore, cannot enforce the provisions of the Individual Agreement, including the arbitration clause.  See Ass'n of Apartment Owners of Newtown Meadows v. Venture 15, Inc., 167 P.3d 225, 269-272 (Haw. 2007) (holding that, with the exception of "intended third-party beneficiaries", "third parties do not have enforceable contract rights[,]" and concluding that a third party was not an intended beneficiary where, among other things, the relevant contracts did not make "any reference" to the party).

The amended motion, Dkt. No. 11, is, therefore, DENIED.[3]  Further, because there is nothing else to address in this Complaint-less case, the Clerk is instructed to enter Judgment in favor of TriCare and then CLOSE the case.

IT IS SO ORDERED.

Dated: August 22, 2025 at Honolulu, Hawai'i.

_____
Derrick K. Watson
Chief United States District Judge

---

[2] Fukushima argues that it "elevates form over substance" to prevent her from enforcing the Individual Agreement.  Dkt. No. 19 at 2.  The "substance" of the agreement, however, provides otherwise.

[3] Because it is unnecessary, the Court does not address any other arguments raised by TriCare in its opposition.